STATE OF MISSOURI ex rel. MARTIN et al., Respondents, v. WILSON et al., Appellants.

St. Louis Court of Appeals, February 18, 1908.

1. ANIMALS: Elections: Adoption of Law. A county may put in operation the law restraining animals from running at large under section 4783, Revised Statutes 1899, by a majority vote of those *voting on the proposition*, but where the electors of five or more townships vote at a general election for county officers on the proposition under section 4788 of the Revised Statutes of 1899, it requires a majority of the voters *voting at that election* to put the law in operation.

2. ——————: ——————: ——————: Certiorari: Who May Sue out Writ. Any person, a resident of one of five townships in which there was an election on a proposition to adopt the law restraining stock from running at large, who owns animals in such township, may sue out a writ of *certiorari* to review the election and have its legality determined.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*I. W. Mayfield* for appellants.

(1) The general election law governs in this class of cases, there being no restriction on the legislature by the organic law on this class of cases, hence sections 4785, 5786 and 4788 of our Revised Statutes control.

Russie v. Brazell, 128 Mo. 110; Richardson v. Mc-
Reynolds, 162 Mo. 649. (2) It is unquestionably the
rule and the law "that in this class of cases where
parties had a fair opportunity to vote on the proposi-
tion and failed to do so they are to be considered as
acquiescing in the result of the action of those that
did vote." State v. Binder, 38 Mo. 450; State ex rel.
v. Satterfield, 54 Mo. 396. (3) Further, there is no
allegation in plaintiff's petition that he suffered any
special wrong, grievance, damage or otherwise. In the
absence of such showing, writ should be denied. State
ex rel. v. Dobson, 135 Mo. 19; Burkhart v. Stephens,
117 Mo. App. 431.

*Nixon & Curry* for respondents.

(1) The act restraining animals from running at
large is not in force in a particular territory unless
it has been put in force in the manner provided by
the terms of that act. Berkshire v. Railroad, 28 Mo.
App. 225; Hayward v. Guilford, 69 Mo. App. 1. (2) The
proposition of restraining animals from running at large
in the five townships did not receive the requisite num-
ber of votes, and did not receive a majority of votes cast
at that election. State v. Winklemeier, 35 Mo. 103;
State v. Binder, 38 Mo. 455; State ex rel. v. Sutterfield,
54 Mo. 391; State ex rel. v. Brassfield, 67 Mo. 331; State
ex rel. v. Mayor, 73 Mo. 435; R. S. 1899, secs. 4785,
4788.

BLAND, P. J.—At the general election held on
November 6, 1906, the question of restraining certain
stock from running at large was submitted to the qual-
ified voters of Union, Washington, Lebanon, Auglaize
and Smith townships, in the county of Laclede, Mis-
souri. The returns of the election were duly canvassed
and the proposition to restrain sheep, swine and goats
from running at large in said townships was declared

duly adopted and to be in force from and after November 14, 1906,— the date the notice of adoption was published. Relator, a citizen of the United States, a qualified voter under the laws of the State, and a resident of one of the townships named, presented his petition to Hon. L. B. Woodside, judge of the Laclede Circuit Court, alleging that the election by which it was claimed the stock law had been adopted in said townships was void for the reason the statutory notice of said election had not been published as the law directs, and that the proposition was defeated for the further reason a majority of the voters voting at said election in said five townships did not vote in favor of said proposition, and asked that a writ of *certiorari* be issued and directed to the defendant justices of the county court of Laclede county and the clerk thereof, commanding them to bring into the Laclede Circuit Court the election returns and all their books, papers and records concerning said election. The writ was duly issued and served on defendants, who appeared and moved the court to quash said writ. The motion to quash was overruled and they filed their return to the writ. The return shows, first:

"Number of votes cast at the general election November 6, 1906, for county and State officers in the various townships are as follows, to-wit:

Votes cast in Union township .......... 451
Votes cast in Washington township .... 290
Votes cast in Lebanon township ........ 908
Votes cast in Auglaize township ....... 233
Votes cast in Smith township ......... 148

Total .......... .............. ......2030

Second:

Number of votes cast at the general election November 6, 1906, on restraining sheep, swine and goats from running at large:

|                                         | No. for or Yes. | No. against or No. |
|-----------------------------------------|-----------------|--------------------|
| Votes cast in Union township            | 237             | 121                |
| Votes cast in Washington township       | 73              | 150                |
| Votes cast in Lebanon township          | 463             | 116                |
| Votes cast in Auglaize township         | 103             | 108                |
| Votes cast in Smith township            | 27              | 104                |
|                                         | 903             | 599."              |

Relator moved for judgment on the return which motion the court sustained and rendered judgment in his favor.

1. Section 4783, chap. 69, art. 2, entitled, "Animals Restrained from Running at Large," R. S. 1899, provides:

"The provisions of this article are hereby suspended in the several counties in this State, until a majority of the legal voters of any county voting at any general or special election called for that purpose, shall decide to enforce the same in such county: Provided, that only a majority of the legal voters voting on said question shall be necessary to decide its adoption or rejection."

Section 4788, of the article, provides as follows:

"Whenever any five or more townships in one body in any county in the State of Missouri, by a petition of one hundred householders, not less than ten of whom shall be from any one of said townships, petition the county court for the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large, the same law, governing counties is hereby applied to said townships, and said petitioners shall not be debarred the right to restrain said animals if a majority of the qualified voters of said townships, voting at any general or special election, shall vote in favor of so restraining such animals. Nothing in this section shall be so construed as to debar

the right of restraining any two or more species of such animals."

The learned circuit judge, after reviewing the history of the legislation in regard to restraining stock from running at large, said:

"As the law now stands the stock law may be adopted in a county by a majority vote of those voting on the proposition, but when it is sought to adopt it in townships, there must be a majority voting for it of the voters who vote at the election.

"A similar condition is found, and in almost the exact terms, in the Constitutional provisions as to the adoption and repeal of the township organization law. Section 8, article 9, of the Constitution provides that the law can be adopted by the vote of a majority of the voters voting at the election. Section 9 provides that it may be repealed by a majority of the voters voting on the proposition.

"In State ex rel. Litson v. McGowan, 138 Mo. 187, the Supreme Court draws a clear distinction between the two propositions, and declares that it was the evident intention to require less in the repeal than the adoption of the law. Tested by the same rule, it is evident that the Legislature intended to require more to adopt the stock law by townships than by counties, that is, it may be adopted in a county by a majority of the qualified voters who vote on the proposition, but in order to adopt it in five townships, there must be in favor of the proposition a majority of the voters voting at the election. It appears by the return to the writ of *certiorari* in this case that the vote on the proposition was taken at the general election held November 8, 1906, and that there were polled at such election 2,030 votes, of which 903 voted in favor of the proposition. This not being a majority of the voters voting at such election, the law was not adopted."

We fully concur in the views of the learned circuit

judge. There is no room for any other or different construction of these two sections of the statute without writing something into them which the Legislature, in its wisdom, saw proper to leave out.

2. The contention is made that the court erred in overruling defendant's motion to quash, for the reason the writ nor petition show that relator had any special interest in the matter. It is alleged in the petition that relator is a resident of Auglaize township and the owner of sheep and swine, and has a natural and financial interest in the range therein and an interest in opposition to the enforcement of the stock law. The rule is that the writ will issue at the suit of a private person if the injury complained of is personal to him and affects his individual rights. [4 Am. & Eng. Ency. of Law, p. 162.] We think under the foregoing allegations of personal interest and injury, relator had a right to maintain the action and that the motion to quash was properly overruled.

Tht judgment is affirmed. All concur.