252 S.W.2d 660 (1952)
JONES
v.
GIANNOLA.
No. 28442.
St. Louis Court of Appeals, Missouri.
November 18, 1952.
*661 Oliver F. Erbs and Walter S. Berkman, St. Louis, for appellant.
Francis M. O'Brien and Charles E. Thompson, St. Louis, for respondent.
HOUSER, Commissioner.
This is a suit for money had and received, brought by Nettie Jones against Joseph Giannola, to recover $1,400 claimed to have been placed with defendant for safe-keeping. Defendant has appealed from a judgment of the Circuit Court of the City of St. Louis in favor of plaintiff in the sum of $1,400.
According to plaintiff, she had a sum of money in a trunk in her bedroom, consisting of $1,400. Part of the money came from a previous marriage, part of it was accumulated by plaintiff between 1941 and 1947, and $500 of the sum belonged to her daughter. Because of robberies and killings in the neighborhood plaintiff feared to keep the money in her trunk any longer. Knowing defendant, a neighborhood grocer, and having done business with him for years, plaintiff trusted him, and at her request on November 22, 1947 he accepted from her $1,400.95, consisting of $30 in silver and the rest in 5, 10, and 20 dollar bills, to hold "until the end of the week," when she was to return, take the money and put it in a bank. Defendant assured her that he would keep it safely. That night, upon retiring, plaintiff was injured by an assailant, taken to City Hospital, and later to a state hospital for mental cases. Upon release from the hospital some two years later she applied to defendant for her money and other valuable papers entrusted to him at the time mentioned. He returned the papers and offered to return to her $14, which she refused to accept.
The defense was conducted on the theory that $14 was the amount left by plaintiff with defendant, and that her claim that the amount was $1,400 was a "figment of the imagination." Defendant sought to show that her testimony was incredible and unreliable; that she was eligible for and had been receiving old age assistance for years; that she had no such sum of money as $1,-400 at the time in question, but on the contrary was a poor person. In support of this phase of the defense, defendant introduced *662 in evidence city and state hospital records containing statements signed by Nettie Jones that she had no property and no savings and recitals that she had no automobile, no property, no stocks and bonds and no hospital or life insurance. Appellant also caused a subpoena duces tecum to be served upon Mr. Robert Rippeto, Director of the Welfare Office of the City of St. Louis, commanding him to bring to court all of the records of that agency pertaining to Nettie Jones, apparently on the theory that these records would disclose statements and facts in her application for old age assistance indicating that she was eligible for such assistance; that she had received relief for many years; that she was destitute in 1947 and had been destitute for many years prior thereto.
Witness Rippeto was called to the stand as a witness for defendant. After Rippeto testified that he had the records of Nettie Jones with him, counsel for defendant requested that they be marked and stated that he wanted to offer them in evidence "for the purpose of showing the jury what statements Nettie Jones had made prior to the alleged date she gave the money to Mr. Giannola." Upon objection of plaintiff's counsel that "It's contrary to law" the trial court refused to permit the witness to testify, for the reason that under Section 208.120 RSMo 1949, V.A.M.S, any testimony the witness might give would subject him to the possibility of a misdemeanor prosecution. Counsel for defendant then said: "Very well, you may step down."
On this appeal two assignments of error are made: (1) refusal of the trial court to receive in evidence the records of the St. Louis Welfare Agency pertaining to Nettie Jones, and (2) refusal to permit Robert Rippeto to testify concerning the eligibility of Nettie Jones and her daughter to receive public assistance.
As to (1), appellant did not offer to prove the contents of the records. No disclosure was made to the court concerning the nature and purpose of the excluded evidence or of any facts necessary to establish its admissibility, or what the records showed as to the questions asked and answers given by Nettie Jones, or what admissions against interest may have been made by Nettie Jones therein. The trial court had no way of knowing, and we do not know, what statements of Nettie Jones, if any, appear therein, what pertinent facts would have been disclosed thereby, whether the records support the contentions of counsel, or whether they would have thrown any light whatever upon the controversy. Under such circumstances we cannot convict the trial court of error. Findley v. Johnson, Mo.Sup., 142 S.W.2d 61; Heckerman v. Glanz, Mo.App., 103 S.W.2d 504.
As to (2), following the sustaining of the objection, there was no further questioning of the witness, nor did appellant make any offer of proof. The trial court was not informed as to what Rippeto was expected to relate in his testimony. Before there is anything to review on appeal in connection with the exclusion of evidence "a proper question must be asked, and, on objection thereto, an offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all facts necessary to establish its admissibility." Byam v. Kansas City Public Service Co., 328 Mo. 813, 826, 41 S.W.2d 945, 952; City of St. Louis v. Pope, Mo.Sup., 121 S.W.2d 861, 863; Missouri Digest, Appeal and Error, 205.
The court cited § 208.120, supra, in support of its ruling excluding the evidence. That section provides as follows:
"All applications and records concerning any applicant for, or recipient of old age assistance shall be confidential and shall be open to inspection only to persons directly connected with the administration of this chapter in the performance of their official duties., applicants for, or recipients of assistance or their attorneys. It shall be unlawful for any officer or employee of the state of Missouri to use for any purpose or to divulge or make known, in any manner whatever to any person, any information obtained by them in the discharge of their official duties,. relative to the identity of applicants. *663 or recipients of old age assistance or the amount of assistance any recipient receives, except in proceedings where the right of applicants to receive assistance or the amount received or to be received by any recipient is called into question. Anyone violating any of the provisions of this section shall be guilty of a misdemeanor."
While this statute forbids voluntary disclosures it does not purport to forbid disclosure of the contents of official old age assistance files in response to a subpoena duces tecum where the contents of the files and the documents contained therein are pertinent to a judicial inquiry. State ex rel. State v. Church, 35 Wash.2d 170, 211 P.2d 701; Bell v. Bankers Life & Casualty Co., 327 111.App. 321, 64 N.E.2d 204; State ex rel. Haugland v. Smythe, 25 Wash. 2d 161, 169 P.2d 706, 165 A.L.R. 1295, loc. cit. 1327; Wigmore on Evidence, 3rd Ed., Vol. 8, §§ 2377, 2379. If a proper offer of proof and been made, showing the contents of the assistance records and the facts to which Rippeto would testify, and that the same were relevant and pertinent to the inquiry, the statute would not have barred their admission in evidence. Although the reason given for excluding the evidence was incorrect we cannot convict the trial court of reversible error for the reason that, in the absence of a showing that the contents of the records and the proffered testimony were pertinent to this litigation, the objection should have been sustained.
Appellant's last point, that plaintiff did not make a submissible case because her evidence is incredible, unreliable and without weight or value, is not for our consideration. It is first advanced in that portion of appellant's brief captioned "Argument." It does not appear in appellant's "Assignment of Errors" or "Points and Authorities." Where the particular point relied on is not made in the manner prescribed by Rule 1.08 of the Supreme Court, it will not be noticed. Sykes v. Stix, Baer & Fuller Co., Mo.App., 238 S.W.2d 918. A point is not properly presented for review if advanced for the first time in the argument. Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W.2d 834; Burch v. Cleveland, C. C. & St. L. R. Co., 328 Mo. 59, 40 S.W.2d 688.
For the reasons assigned the judgment should be affirmed, and the Commissioner so recommends.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, affirmed.
BENNICK, P. J., and ANDERSON and HOLMAN, JJ., concur.