STATE of Missouri ex rel. Glenn FOSTER, Relator-Appellant,

v.

Paul PRICE, Herbert Brooks, and Oscar Johnson, Judges of the County Court of Reynolds County, Missouri, and L. M. Hackworth, Clerk of the County ,Court of Reynolds County, Missouri, Respondents.

No. 8716.

Springfield Court of Appeals.

Missouri.

March 19, 1968.

Motion for Rehearing or for Transfer to Supreme Court Denied April 9, 1968.

922

Robert B. Baker, Ellington, Dorman L. Steelman, Salem, for relator-appellant.

William H. Bruce, Jr., Pros. Atty., Reynolds County, Centerville, for respondents.

HOGAN, Presiding Judge.

This is a certiorari proceeding, brought to test the sufficiency of a petition requesting a stock law election under the provisions of Section 270.090, RSMo (1959).[1] The circuit court has quashed its writ, and the relator has appealed. The primary issue before us is whether the relator was unfairly and improperly prevented from introducing evidence to "explain parts of the record," as counsel put it, when the case was called for disposition before the circuit court.

The election involved was held on August 4, 1964. The proposition[2] carried by a vote of 1,495 to 1,017. Notice of the result, making the law operative, was published as required by Section 270.110 during August and September 1964. This action was begun by petition filed on June 1, 1965. The relator set up that the respondents were the judges and clerk of the County Court of Reynolds County, and that he was a householder, taxpayer and farmer residing in Reynolds County, using the open range. The petition for the writ goes on to state that no appeal lay from the action of the county court in ordering the election "to this [the circuit court] or any court," and alleges that on June 22, 1964, a petition for a stock law election was filed, but that it was wholly insufficient to invoke the jurisdiction of the county court because: 1) it did not allege that all of Reynolds County was included; 2) it was not signed

1. All references to statutes and rules are to this revision, V.A.M.S. and V.A.M.R., unless otherwise specifically noted.

2. To restrain certain animals from running at large, as provided by Section 270.010.

by 100 or more householders in Reynolds County; and 3) it was otherwise "wholly insufficient and void." Relator's petition prayed issuance of a writ of certiorari calling up a "complete copy of the petition and all orders and pleadings in this case."

The writ issued, and on a day not specifically indicated, the respondents filed an elaborate return. As material here, the return sets out the original petition or petitions, which appear to follow substantially the requirements of Section 270.090; then follow several lists of names, with varying headings. A jurat is appended to each of these lists, signed [3] by a "canvasser" before a notary public. Each affidavit runs to the effect that the canvasser saw each of the subscribers affix his signature, that each signature is bona fide, and that the place of residence and age of each subscribing petitioner is true according to the canvasser's knowledge. Each list refers to a "petition on the reverse side," but the reverse side is not shown or described.

The next thing which appears in the transcript is an entry from the record of the county court dated June 22, 1964, reciting that the court met pursuant to adjournment of June 17, 1964. Then follows another petition, again requesting a special election as provided by Section 270.090, again substantially following the statutory provisions for calling such an election, and praying that "all things be done as required by law and set out in Sections 270.090, 270.100, 270.110 and 270.120, Revised Statutes of the State of Missouri." One hundred ninety-seven names are appended to this record entry. They appear to be the same names as those appearing on the several lists preceding the entry of June 22, 1964. This second petition is subscribed and sworn to by the eight canvassers whose affidavits appear separately on the preceding lists of names. Then, immediately following, the county court's record recites:

"Re: Stock Law Election.

Now on this the 22nd day of June 1964 comes for hearing the petition of 170 householders residing in Reynolds County for a Special Election on Stock Law: The County Clerk of Reynolds County doth present the said petition to the County Court, all three judges being present in person.

The County Court having seen and heard the evidence and duly examined the petition, doth hereby order a special election to be held on Tuesday August 4th, 1964 to vote for or against enforcing the law on restraining horses, mules, asses, cattle, swine, sheep, and goats from running at large and orders clerk to have published a notice of said election for 3 consecutive weeks in the Courier-Press the only newspaper published in Reynolds County and have 3 notices of said election be posted by sheriff in each the 6 political townships."

Several other matters pertaining to the election are included in the return, along with a number of entries wholly foreign to it. We need not set these other matters out here, for they are not germane to the appeal. Judging by his brief, what the relator had in mind was to offer proof that the several lists of names following the first petition in the record actually had no writing "on the reverse side," but were in fact only blank sheets which had been circulated by the canvassers, signed by the subscribers, and attached to a petition later. The relator was not permitted to make this proof. When the case was called for disposition on November 22, 1965, the following exchange of remarks took place:

"THE COURT: Let the records show there has been some discussion between court and counsel and at this time it is at the request of the court that the record is made. Mr. Baker, I want to ask you at this time, as I have previously done, if you will explain to this court, at this time, why you are requesting that the court hear evidence in this matter?

---

3. In one case, by a witnessed mark.

MR. BAKER: If the Court please, I request permission to introduce a very short bit of evidence to explain parts of this record. As I have explained no doubt this evidence was not introduced in the County Court.

THE COURT: Is that the only reason you have for wishing to introduce evidence other than the record of the County Court of Reynolds County, Missouri, at this time?

MR. BAKER: I cannot explain fully to this court my reasons for introducing this evidence, for the reason it would completely disclose the entire purpose of the evidence, would put the Relator in this case at a very bad disadvantage.

THE COURT: The Court wishes to call your attention to the fact that if there is to be evidence before us you had better explain the general nature of the evidence. Up to now you have offered no reason why additional evidence should be received. If you have a good and valid reason I want to hear you and if you don't have I am going to pass on this matter based upon the record that has been brought up pursuant to the Writ issued in this case.

MR. BAKER: I think we have a good and valid reason. I think my stating the evidence we wish to offer, the purpose of the evidence would be completely obliterated and eliminated, that I could not make the case as plain as I could without further explanation to the court.

THE COURT: This court is going to insist that you do outline this thing to me. If you wish to do it in private, I will be glad to let you do so. However, I think it would be a ridiculous thing to do. I am trying to protect any right you have in spite of the fact you are apparently deliberately trying to forego this right and leave the impression the court has wronged you. I am going to decide it, as nearly as I can, based upon the law, as I understand it, but I do not want to take any right away from you. If you have anything which you wish to disclose to us to give me a good reason to order the introduction of evidence, I would be very happy to do it. Otherwise, the record brought up to this court by the Writ that was issued is going to form the basis of our decision. That is all I have to say to you. It should be plain to you and to everybody else here that has been listening.

MR. BRUCE: If I could, I would like to get into the record our objection to hearing evidence on behalf of the Respondents, your honor. As I understand the common law rule is that the record of the inferior tribunal constitutes the only record that the return can be made to in a Writ of Certiorari. It fixes the measure of the court's review, and extrinsic evidence is inadmissable in this hearing.

THE COURT: As I said a moment ago, I certainly will not agree with you that under no set of facts could we generally say that evidence ought not be received. I am saying under the rule that under the request that has been made here today and based upon the refusal of counsel to disclose the nature of the testimony that he wishes to offer, this court is going to rule that no further evidence will be received, other than the record which has been brought up to us pursuant to the Writ of Certiorari.

MR. BRUCE: Your Honor, as I understand it, Relator can introduce evidence now under the Supreme Court rules if in the exercise of reasonable diligence such evidence could not have been produced before the County Court, or if the County Court improperly refused to hear such evidence. As I understand the rule that those are the only two exceptions concerning extrinsic evidence.

MR. BAKER: Of course, Relator could not have introduced any evidence in the County Court as Relator was not a party to the proceedings.

MR. BRUCE: I also call your Honor's attention to Laches of Relator.

THE COURT: Mr. Bruce, I am not concerned about that at this time. That doesn't necessarily concern us at this time.

I am merely concerned with Mr. Baker's request unless he has something further to say, I have already ruled on the matter.

MR. BAKER: My position may become apparent in my argument but I do not wish to disclose it at this time.

THE COURT: Based on that, the ruling will be, no further evidence will be received at this time, in this matter."

Counsel seems to assume, and argues in his brief, that the circuit court's review of the county court's action was governed by Section 536.105 and Rule 100.08, which provide for judicial review of administrative decisions by injunction or original writ when "there is no other provision for judicial inquiry into or review of such decision * * *." This statute and rule create, in the language of State ex rel. State Tax Commission v. Walsh, Mo., 315 S.W.2d 830, 835, a "sort of statutory certiorari," and contemplate the hearing of testimony and the making of a record in the reviewing court. The relator has not briefed or cited any cases which are controlling in this situation, either directly or by analogy; he merely cites the statute and the rule in the "Argument" part of his brief. The relator does not undertake to explain why he should not have been held to a timely application for review as provided by Section 49.230,[4] in view of the

fact that determining the sufficiency of the petition for an election was a quasi-judicial act, State v. Pemberton, 235 Mo.App. 1128, 1135, 1141, 151 S.W.2d 111, 115, 118 [5] [11], and calling the election was an act which affected his private rights. State ex rel. Martin v. Wilson, 129 Mo.App. 242, 247, 108 S.W. 128, 129 [2].

██ We need not consider and determine, however, whether Section 49.230 is specifically applicable in this case, or whether, if it is, the remedy by appeal was such as to bar inquiry by certiorari altogether. See State ex rel. Combs v. Staten, 268 Mo. 288, 297–299, 187 S.W. 42, 44–45 [4]. The relator argues that the trial court deprived him of a fair hearing by insisting that counsel disclose the general nature of the evidence he desired to present, but we cannot agree. The relator's position is not, as he argues, fairly comparable to that of the plaintiff in Magerstadt v. La Forge, Mo., 303 S.W.2d 130, whose case was summarily dismissed because his attorneys refused to follow a course of action dictated by the court, nor to that of the codefendant in Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383, which the trial court sought to force into a prejudicial admission. In this case, the trial court's reluctance to permit the development of issues of fact is understandable. There is nothing in the relator's petition, the writ, or the return which would characterize this proceeding as anything other than a common law certiorari, which of course does not permit the consideration of evidence or issues of fact. State ex rel. Police Retirement System of City of St. Louis v. Murphy, 359 Mo. 854, 862, 224 S.W.2d 68, 73 [10–12]; State ex rel. St.

4. Which provides: "Appeals from the decisions, findings and orders of county courts of a quasi-judicial nature affecting private rights shall be made within ten days from the date of the decision, findings or order by filing notice of appeal with the county court. The county court within thirty days after the appeal is taken, unless the matter is continued for cause by the county court, shall certify to the circuit court all documents and papers on file in the matter, together with a transcript of the evidence, decision, findings and order, which become the record of the cause. The circuit court shall proceed to hear and determine the case in the manner provided by section 536.140. RSMo. Appeal from the decision on review may be taken by the county court or other aggrieved party as in civil cases."

Louis Union Trust Co. v. Neaf, 346 Mo. 86, 94, 139 S.W.2d 958, 962–963 [8, 9]; State ex rel. Kennedy v. Remmers, 340 Mo. 126, 131, 101 S.W.2d 70, 71 [1] [2]. Even so, the trial court seems to have been willing to consider any theory of the admissibility of evidence counsel chose to suggest, even offering to hear counsel in chambers first if that would help. We cordially agree that a court may not dictate trial strategy or tactics, but where doubt exists as to the admissibility of desired evidence, counsel must make an offer of proof so the trial court may act advisedly. McCormick, Evidence, § 51, p. 114 (1954); and see Lynch v. Missouri-Kansas-Texas R. Co., 333 Mo. 89, 100, 61 S.W.2d 918, 922–923 [8, 9]; Lambert v. Gutman, Mo. App., 171 S.W.2d 735, 737 [5–7]. In any case, what the evidence would have been is left entirely to speculation, and we are governed by the familiar rule that an objection to the exclusion of evidence or testimony cannot be considered on appeal without a showing of what the evidence would have been and that it was relevant and material. Thayer v. Sommer, Mo., 356 S.W.2d 72, 80–81 [11, 12]; Jones v. Giannola, Mo. App., 252 S.W.2d 660, 662 [1] [2]. The same principle applies to the relator's further argument that his evidence would have shown the several lists of signatures following or appended to the first petition for an election were only blank sheets with indefinite captions, without any writing on the reverse side. The record does not show how he would have proved this, nor what any witness would testify. The issue is simply not before us. Thayer v. Sommer, supra, 356 S.W.2d at 81. The order and judgment quashing the writ is affirmed.

STONE and TITUS, JJ., concur.