447 P.2d 501 (1968)
Mrs. Lorene PRICE ex rel. LARAMIE COUNTY DEPARTMENT OF PUBLIC WELFARE and State Department of Public Welfare, Petitioner,
v.
Honorable Allen PEARSON, Judge First Judicial District Court for the State of Wyoming in and for Laramie County, Respondent.
No. 3718.
Supreme Court of Wyoming.
December 2, 1968.
Joseph E. Darrah, Edward L. Grant, Special Asst. Attys. Gen., Ted Simola, Asst. County Atty., Cheyenne, for petitioner.
Walter C. Urbigkit, Jr., Cheyenne, for respondent.
Before HARNSBERGER, C.J., and GRAY, McINTYRE, and PARKER, JJ.

ORIGINAL PROCEEDING IN PROHIBITION
Mr. Justice PARKER delivered the opinion of the court.
In the course of proceedings in the First Judicial District, Laramie County, wherein LeRoy A. Dove sought amendment of divorce decree giving custody of a minor daughter, Linda Lorene Dove, to his former wife, Bessie I. Dove, and a concurrent effort of the child to have her grandmother, Addie E. Johnson, appointed as her guardian, which two cases were combined for hearing, a welfare worker of the Laramie County Department of Public Welfare, Mrs. Lorene Price, was served with a subpoena duces tecum, issued by the clerk of court to appear and testify and to bring the welfare records pertaining to the parties. The welfare departments on behalf of Mrs. Price moved the court to strike and set aside the subpoena on the ground that the records and testimony were protected as confidential and disclosure prohibited under the provisions of § 42-19, W.S. 1957. The motion was denied, whereupon Mrs. Price filed petition for writ of prohibition in this court, seeking to require the district judge to desist and refrain from use of the welfare records.
Counsel for both litigants agree that there is before us but a single issue, that is, whether or not under the circumstances of the combined cases § 42-19 removes the records of the welfare department from the subpoena power of the district court.
The portion of the statute upon which petitioner relies provides:
"It shall be unlawful for any person, firm, association, corporation, or other agency or group to solicit, disclose, receive, make *502 use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of (A) any list or names to which access is afforded as provided in this section for commercial or political purposes of any nature, or (B) any information, other than such lists or names, concerning persons applying for or receiving assistance, directly or indirectly derived from the records of the state and county departments, or acquired in the performance of official duties, for any purpose not directly connected with the administration of assistance."
One of the attorneys for the minor alleges by uncontroverted affidavit that the Laramie County Welfare Department has been paying welfare benefits for the support and maintenance of the minor and her two half-brothers and that said minor and half-brothers as well as the grandmother have for some time been under the supervision of the Laramie County Welfare Department.
Petitioner asserts it to be obvious from the facts here presented that if the subpoena duces tecum is not quashed a violation of § 42-19, clearly antagonistic to the public policy and intention expressed in public legislation, will occur and relies principally upon the case of Mace v. Jung, Alaska, 386 P.2d 579, as precedent for her position. The Alaskan statute, while not identical to that in Wyoming, contains a similar provision, i.e., it is unlawful to disclose information concerning persons applying for or receiving assistance except for purposes directly connected with the administration of assistance.
Mace v. Jung, supra, was a case wherein Mace brought an action for personal injuries and property damage arising out of an automobile collision, and the trial court over her objection ordered production of certain records pertaining to her, which were in the custody of the welfare department. Defendant's counsel stated that the purpose of securing these records was to show that the custody and care of plaintiff's three children had been assumed by the welfare department because of her neglect, which information would have a direct bearing upon her mental pain and suffering allegedly resulting from the automobile accident. After a verdict for appellee and a judgment thereon, the supreme court reversed, holding it error to have ordered the production of the welfare records and saying, 386 P.2d at 580, "the legislature has made disclosure of welfare records unlawful. It has left no room for the exercise of agency discretion to decide whether or not records not directly connected with the administration of welfare programs should be produced in compliance with a court order."
We observe that in Alaska § 5005 of their Administrative Code relating to the above-mentioned statute reads:
"No person employed by the * * * Department * * * shall give testimony in Court or in a hearing of any nature, with respect to any person, record, file, paper, or information connected with the administration of a Public Assistance or Child Welfare Service program, except where such information is revealed for purposes directly connected with the administration of the * * * [Department's] programs, or where the applicant or recipient concerned has authorized the release of such information." (Emphasis supplied.)
The facts of the Mace case are so dissimilar to the instant litigation that the court's holding cannot be precedent here. The view of the Alaskan agency, as shown by the administrative code provision, is of interest also. On that aspect, Mrs. Mace objected to and resisted the release of such information, while in the present case the minor requested this. It follows that the petitioner has failed to supply any convincing reason for the prohibition sought.
Moreover, we are impressed with the pronouncements in certain of respondent's cited cases, Bell v. Bankers Life & Casualty Co., 327 Ill. App. 321, 64 N.E.2d 204, and Jones v. Giannola, Mo. App., 252 S.W.2d 660. In both it had been insisted that welfare records were inadmissible because of *503 statutory prohibitions not unlike those in the instant situation. The court in the Bell case answered such contention by saying, 64 N.E.2d at 208:
"This prohibition was clearly intended to forbid voluntary disclosures but it was never intended to prevent the disclosure of the contents of official documents pursuant to the compulsion of a subpoena where the contents of such documents are pertinent to a legal inquiry. * * *"
Jones v. Giannola, 252 S.W.2d at 663, held:
"While * * * [the] statute forbids voluntary disclosures it does not purport to forbid disclosure of the contents of official old age assistance files in response to a subpoena duces tecum where the contents of the files and the documents contained therein are pertinent to a judicial inquiry. * * *"
Although petitioner here has submitted no authority which would indicate that the records of the welfare department are exempt from subpoena duces tecum in a matter such as here before us and none has come to our attention during our research of the problem, we do not wish to be understood as saying that a file should be presented to counsel to paw over or make selection as might be desired. The heart of the problem is well stated in 8 Wigmore, Evidence (McNaughton rev. 1961) § 2379, pp. 809-810, where it is said:
"* * * A court which abdicates its inherent function of determining the facts upon which the admissibility of evidence depends will furnish to bureaucratic officials too ample opportunities for abusing the privilege. The lawful limits of the privilege are extensible beyond any control if its applicability is left to the determination of the very official whose interest it may be to shield a wrongdoing under the privilege. * * *"
Accordingly, it is the province of the trial court to determine the admissibility, but it is also its duty to ascertain if records be competent, relevant, and material, before granting authority for their inspection.
Incidentally, we think the State Department of Public Welfare and counsel for the State must resolve their views on the subject and take consistent positions in situations that arise hereafter. In the instant litigation where the recipient of welfare assistance and supervision requests information, insistence is made that it cannot be given, while in the recent case of Disselle v. State ex rel. Sheridan County Welfare Department, Wyo., 432 P.2d 271, the State, apparently with the approval of the county department, urged that it might introduce into evidence welfare reports in an effort to terminate a mother's parental rights. In that regard, we are furnished no precedent and are aware of no basis for saying that evidence regarding the child's surroundings, treatment, or behavior, are not directly connected with assistance, when the record in the case contains an uncontroverted affidavit that the Laramie County Welfare Department has been paying welfare benefits for the support and maintenance of the minor for approximately six years. Here, in effect, counsel for the minor merely seeks as he did below the right to have the requested material passed upon by the trial court as to competency, materiality, and relevancy. We find no reason to enter a prohibition against this.
Writ denied.