Harry HUTSON, Plaintiff/Respondent,

v.

BLAZIN' SADDLE ENTERTAINMENT, INC., Gary Armstrong and M. Joseph Barich, Defendants/Appellants.

No. 68330.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 27, 1996.

Lofftus and Dawdy, E.D. Lofftus, Fenton, for Plaintiff/Respondent.

Cunningham, Rayfield & Bouchard, P.C., Joseph P. Cunningham, III, Crystal City, for Defendants/Appellants.

PUDLOWSKI, Judge.

Respondent brought suit against Blazin' Saddle Entertainment, Inc., Gary Armstrong and M. Joseph Barich. He sued for unpaid rents and possession of a building leased to appellant Blazin' Saddle Entertainment, Inc. After a bench trial, the trial court held in favor of respondent, awarding him $18,000 in damages and possession of the leased premises. The court also found for respondent on appellants' counterclaim. Appellants now seek a new trial, alleging that certain of the trial court's evidentiary rulings were erroneous and prejudicial to its defense.

■ Our standard of review requires that we view the evidence in the light most favorable to the prevailing party, deferring to the trial court's ability to evaluate the credibility of the testimony. *Unlimited Equipment Lines, Inc. v. Graphic Arts Centre, Inc.,* 889 S.W.2d 926, 932 (Mo.App. E.D.1994). Accordingly, the portrait which emerges from the trial record is as follows. On May 24, 1991, the parties executed a commercial lease under which appellants were to occupy a property owned by respondent for three years in exchange for annual rent of $24,000, due in monthly installments of $2,000. Appellants' occupation of the building was to commence on July 1, 1991. Appellants' plan was to remodel the building for use as a country & western nightclub. Appellants do not dispute the original agreement between the parties called for appellants to pay all costs of remodeling. But shortly after execution of the lease, a building inspector informed appellants that installation of a sprinkler system would be required before the premises could be used as a nightclub. The price of conformance with this requirement was estimated at between $15,000 and $20,000, and as appellants were apparently rather thinly capitalized, this additional sum presented a problem. Appellants inquired of respondent whether he would be willing to absorb some of the cost of this improvement, and respondent replied that while he would not pay for the sprinkler system, he would allow appellants to occupy the premises without paying rent until appellants opened for business. The central dispute between the parties at trial was whether this arrangement contemplated abatement, or mere deferral, of appellants' pre-opening rent obligations. The trial court held for respondent, and we now affirm that judgment.

■ As a preliminary matter, we note that respondent has filed with this court a motion alleging that appellants' appeal is frivolous, and seeking damages. However, respondent does not explain anywhere in his motion why appellants' appeal is frivolous, nor does respondent set forth the standards this court should apply in determining whether an appeal is frivolous; consequently, his motion is denied. Respondent's motion merely complains that appellants were late in filing various documents with the court (all revised deadlines were in fact met) and asserts that appellants' brief violates Rule 84.04 by including numerous assignments of error under a single point relied on. The latter argument is also urged in respondent's brief. We find that appellants' brief is not an exemplar of a brief according to the dictates of Rule 84.04. We will not dismiss the appeal, however, we will not review the arguments which appellants attempt to make in the argument section of their brief which are not related to their point relied on. *See Id.*

■ Appellants' sole point relied on asserts that in "improperly sustaining objections" to testimony on grounds of hearsay and relevancy, the trial court "prevented [appellants] from developing its defense and impeaching the credibility of [respondent]. . . ." The first of the trial court's rulings alleged to be erroneous unfolded as follows:

Q. [By appellants' counsel] Did you, at some point in time, find out that there was going to have to be a sprinkler system installed?

A. [respondent] I did not.

Q. You never knew that?

A. I never knew that it was—that it was required until the inspect—

Q. [By respondent's counsel] Well, I'm going to object. It calls for hearsay again.

A. [By the Court] Mr. Lofftus?

Q. [Appellants' counsel] I'm just asking the state of his knowledge, Your Honor. I'm not asking him to tell me what the inspector said. If he—

A. [The Court] Well, I think he's already heard the answer. I'm going to sustain the objection. Hearsay. Continue on.

Appellants are correct that the question put to the witness does not on its face call for hearsay, nor does the fragment of a response given by the witness contain hearsay, although the full response might well have. However, appellants did not make an offer of proof; an offer of proof is necessary to demonstrate to the trial and appellate courts that testimony was indeed admissible. *State v. Price,* 426 S.W.2d 921, 926 (Mo.App.1968); K.R.(S.)D. v. C.D.S., 646 S.W.2d 428, 432 (Mo.App.1983). The requirement of a formal offer of proof can be dispensed with where the nature of the witness's testimony is clear to all parties as well as to the court, and where the purpose served by the testimony is likewise clear. *Merk v. St. Louis Public Service Co.,* 299 S.W.2d 446, 449-50 (Mo. 1957). In this case, it is not clear whether the full response would have been hearsay or not; and judging by the trial court's inscrutable response to appellants' counsel's explanation as to the admissibility of the testimony, it does not appear that it had a clear idea what the testimony was going to be or what evidentiary purpose it might serve. Thus, appellants have failed to preserve this issue for review.

Appellants' other grievance concerning the trial court's ruling excluding testimony on hearsay grounds can be disposed of under the same rationale. At one point, appellants' counsel questioned respondent concerning his knowledge of the price appellants paid for the sprinkler system. Again, the trial court wrongly sustained respondent's hearsay objection, and again appellants failed to make an offer of proof (and again, appellants' failure in this regard is not excused by the surrounding circumstances), foreclosing review of the issue.

■ The final evidentiary ruling which appellants claim was erroneous concerned testimony regarding respondent's renting of the premises to other parties prior to entering the lease with appellants. Respondent objected that such testimony was irrelevant, and the trial court sustained this objection. Certainly it was within the trial court's discretion to deem testimony on this subject irrelevant (since there is no apparent reason why any prior leases—or the absence of them—would inform the terms of the instant arrangement between the parties), and because appellants did not set forth their rationale for seeking such testimony in a proper offer of proof. That exercise of discretion will not be disturbed.

■ Finally, it should be recognized that no prejudice resulted from the challenged trial court's rulings in any event, since the testimony excluded in those rulings was developed at subsequent stages. To wit, respondent ultimately testified that he did have knowledge that installation of a sprinkler system was required before appellants could open for business (and that appellants spent some $16,000 satisfying that requirement), and that the YMCA had rented the premises from him during some period prior to execution of his lease with appellants. Any error resulting from the exclusion of testimony on cross-examination is cured by subsequent elicitation of the testimony originally sought. *Marlow v. Nafziger,* 333 Mo. 790, 63 S.W.2d 115, 120-21 (1933).

The trial court's entry of judgment for respondent is affirmed in all respects.

CRANE, P.J., and GERALD M. SMITH, J., concur.