Rose Secco, a Minor, by Frances Secco, Her Mother
and Next Friend, Appellant, v. Chicago Transit
Authority, Appellee.

Gen. No. 46,551.

First District, Second Division.

May 17, 1955.

Released for publication June 30, 1955.

 

Arthur S. Gomberg, of Chicago, for appellant; Samuel Nineberg, of Chicago, of counsel.

Thomas C. Strachan, Jr., James O. Dwight, Frederick O. Floberg, and Francis J. Mullen, all of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

This was an action for personal injuries sustained by plaintiff when she was caught between the doors of defendant's moving bus. The jury returned a verdict for the plaintiff in the sum of $100. Plaintiff's motion for new trial was overruled and she appeals on the ground that the verdict was grossly inadequate.

Plaintiff contends that the trial court erred first in admitting in evidence an incompetent school record, and second in giving a certain instruction for the defendant. As to the first part, the record reveals that plaintiff testified that as a result of the injuries sustained she missed three weeks of school. Her testimony was substantiated by her mother and a friend. The record of the school that plaintiff attended was introduced in evidence by defendant. It purported to show that plaintiff had attended school during the three weeks that she testified she was absent. The principal of the school that plaintiff attended testified that the attendance record had been kept by one of the teachers of the school. It was identified by her as the

record of plaintiff's attendance. She testified that it was the regular course of the school business to keep a daily attendance record, and that it was kept in the regular course of business under her supervision and control. The teacher who kept the record was not produced to testify to or identify it.

Rule 70 of the municipal court provides:

"Any writing of record, whether in the form of an entry in a book or otherwise, made as a memorandum of record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. Such finding may be based upon the testimony of any witness who is familiar with the regular course of the business at the time in question, without the necessity of producing the particular person who made the record or who furnished the information on which it was based. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term business shall include business, profession, occupation and calling of every kind."

██ One of plaintiff's arguments is that section 3 of the Evidence and Deposition Act, Ill. Rev. Stats. 1953, ch. 51 [Jones Ill. Stats. Ann. 107.069], should apply. The Municipal Court Act, ch. 37, sec. 20 [Ill. Rev. Stats. 1953, ch. 37, § 375; Jones Ill. Stats. Ann. 108.045], specifically provides that the judges of the municipal court shall have the power to adopt rules regulating the practice in the court. Rule 70 was so adopted by the court and therefore governs the practice in the municipal court and not section 3 of the

268

Evidence and Deposition Act. A model rule similar to Rule 70 was formulated, adopted and recommended to the various states by the Commonwealth Fund Research Committee. The National Conference of Commissioners on Uniform State Laws subsequently revised the model rule. Rule 70 is a substantial copy of the revised model which, in its original or in one or more of its revised forms, has been adopted by half of the States and by the federal courts. See, generally, McCormick on Evidence (1954) 607, n. 6 et seq. and notes; 5 Wigmore on Evidence (3d ed. 1940) sec. 1520; Note, Business Entries Before the Court, 32 Ill. L. Rev. (1937–38) 334, 348 et seq. It was passed upon and approved by this court in Bell v. Bankers Life & Casualty Co., 327 Ill. App. 321, 326.

■ Plaintiff further argues that the teacher who kept the record should have testified and the failure to account for his absence rendered the record inadmissible. Rule 70's general purpose is to liberalize the rules of evidence pertaining to regular business entries. (Bell v. Bankers Life & Casualty Co., supra.) Abandoned are the anachronisms of an older day whose influence is felt even today in many of those jurisdictions which have legislatively adopted Rule 70. It was intended to make unnecessary the original entrants' production at the trial because of their numbers or anonymity, or for reasons which made their production impracticable. It was also intended to make unnecessary the production of the original entrant although he alone and without the aid of others made the entries. The routine character of a business is reflected in its records accumulating instance upon instance of some particular transaction or event, and because of this it was felt that the original entrant would have no present recollection of the various details lost within the mass of recorded entries. The courts, therefore, have considered the entrant unavailable where it is obvious that if called he would

269

have no present recollection of the routine transaction or record entry and at most could use the entries only as records of past recollection. Morgan, The Law of Evidence, 1941–1945, 59 Harv. L. Rev. 481, 562 (1946). It was intended to be sufficient, if the custodian of the records or some person familiar with the business and its mode of operation, would testify at the trial as to the manner in which the record was prepared, the objective being that the principle of an absent witness' unavailability should not be applied with the identical logical narrowness of an earlier day, and to bring it nearer to standards accepted in reasonable action outside the courts. 5 Wigmore on Evidence (3d ed. 1940) p. 391.

█ The school principal in the instant case testified that the attendance records were kept in the regular course of the school business and that it was the regular course of the school business to keep such records daily. She testified to their mode of preparation and identified them as the school records. We conclude that they were admissible under Rule 70 and that plaintiff's contention is not well taken.

█ Plaintiff's next contention is that in the giving of one of defendant's instructions, which was peremptory, in two places the words "in the statement of claim" were inserted and later the court drew a line through them but the words were still legible. No instruction was given summarizing the allegations of the complaint. She therefore contends that the giving of this instruction was reversible error. In one of plaintiff's instructions the following language was included:

"so far as any of the above mentioned elements of damage, if any, have been alleged in the plaintiff's complaint and shown by a preponderance of the evidence; . . ."

The law is well settled that a party has no right to complain of an error in an instruction where a like

error appears in an instruction given at its request. Gourley v. Chicago & E. I. Ry. Co., 295 Ill. App. 160; West Chicago St. R. Co. v. Buckley, 200 Ill. 260. We therefore conclude that the judgment of the trial court should be affirmed.

Judgment affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.