Luther Benford, Plaintiff-Appellee, *v.* Chicago Transit Authority, Defendant-Appellant.

(No. 56182;

First District—January 5, 1973.

James G. O'Donohue, O. R. Hamlink, Joseph Luby, and Jerome F. Dixon, all of Chicago, for appellant.

Jerome Feldman and Richard Allan Halprin, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff brought suit against the Chicago Transit Authority for personal injuries suffered when a CTA bus struck his auto. The jury found in favor of plaintiff, returned a verdict of $2500 and the trial court entered judgment on the verdict. This appeal does not raise the issue of liability. Defendant appeals only from the trial court's exclusion of certain exhibits which defendant claims would have had the effect of reducing the amount of damages.

The excluded exhibits, Defendant's Exhibits Nos. 3, 4 and 5, consisted of certain documents kept by plaintiff's employer, the Hotpoint Electric Company. The documents were offered by defendant to show the number of days of work missed by plaintiff since the only other evidence relating to this issue was plaintiff's own testimony.

The documents were the following: Defendant's Exhibit No. 3 consisted of a printed form, signed by "manager-medical service" at Hotpoint, stating that plaintiff could return to work on "6-26-67." Defendant's Exhibit No. 4 consisted of a note from plaintiff's private physician, written on the physician's stationery, dated June 24, 1967, and signed by the doctor, and states:

"Above [plaintiff] involved in accident with injuries to head, back & rib cage on 6/10/67. He may return to work on 6/26/67."
Defendant's Exhibit No. 5 was entitled "Employee Attendance Record" and indicated plaintiff's daily attendance record for the years 1966, 1967 and 1968.

At trial defendant sought to introduce these exhibits as business records under Illinois Supreme Court Rule 236(a). (Ill. Rev. Stat. 1969, ch. 110A, par. 236(a).) Rule 236(a) states:

"(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the

writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind.

(b) This rule does not apply to the introduction into evidence of medical records or police accident reports."

To establish a foundation for the introduction of these records defendant called a Mrs. Watson of the Hotpoint Company. Her position at Hotpoint was "personnel record clerk." She testified that she began her employment with Hotpoint on February 14, 1966. From that time until October of 1970 she worked in the billing section. She did not begin to work in the personnel department until October of 1970.

She testified that she had the care, custody and control of certain Hotpoint records.

She testified that Defendant's Exhibits Nos. 3 and 5 were made and kept in the ordinary course of Hotpoint's business. Mrs. Watson testified that Exhibit No. 4 was kept in the regular course of Hotpoint's business but was not made by Hotpoint.

Plaintiff's counsel objected to the admission of Exhibit No. 4 on the ground that the physician himself should have been called to testify. The motion was sustained. Plaintiff's counsel again objected when defense counsel proceeded to examine Mrs. Watson as to the contents of the tendered exhibits. Plaintiff's counsel objected on the ground that Mrs. Watson could not provide the requisite foundation for admission of the three records because she was not employed in the personnel department at the time the records were made. The objection was sustained and all three records were excluded as a result of that ruling.

At issue, then, is whether, in order to lay the foundation for the admission of a business record under Supreme Court Rule 236(a), the foundation witness must have been employed in that particular department at the time the record was made.

We believe that with respect to Exhibits Nos. 3 and 5 the ruling of the trial court was incorrect. With respect to Exhibit No. 4 we believe that his ruling was correct, but for reasons other than those relied upon by the trial court in making his ruling.

■■ We first will address ourselves to Exhibit No. 4. That exhibit, the note from the doctor, was not a medical record. It was a statement, in very general terms, of plaintiff's injuries. As such, it could not be excluded on the ground that it was a medical record. (Ill. Rev. Stat. 1969, ch. 110A, par. 236(b).) However, Mrs. Watson testified that the exhibit

was merely retained in Hotpoint's files but that it was not made by Hotpoint. Therefore, this exhibit failed to meet one of the main elements of Rule 236 and was not admissible.

■■ However, we do believe that Exhibits Nos. 3 and 5 were admissible. We disagree with plaintiff's contention that in order to provide a proper foundation the witness must have been employed in the department at the time the offered record was made.

Mrs. Watson testified that the records of Hotpoint were in her care, custody and control; that Exhibits Nos. 3 and 5 were kept in the regular course of business; that it was the ordinary course of Hotpoint's business to make and keep such records; and that the records were in the same condition as they were in the file. Her testimony thus satisfied the requirements of Rule 236(a).

■■ Plaintiff's argument is wholly inconsistent with the very purpose for which Rule 236(a) was adopted. In *Secco v. Chicago Transit Authority,* 6 Ill.App.2d 266, 26, 127 N.E.2d 266, we stated the following with respect to Municipal Court Rule 70, the predecessor of Supreme Court Rule 236(a):

> "Rule 70's general purpose is to liberalize the rules of evidence pertaining to regular business entries. (Bell v. Bankers Life & Casualty Co., supra.) [327 Ill. App. 321.] Abandoned are the anachronisms of an older day whose influence is felt even today in many of those jurisdictions which have legislatively adopted Rule 70. *It was intended to make unnecessary the original entrants' production at the trial* because of their numbers or anonymity, or for reasons which made their production impracticable. *It was also intended to make unnecessary the production of the original entrant* although he alone and without the aid of others made the entries." (Emphasis supplied.)

In *Secco* the court held admissible the testimony of a school principal who did not keep the school records but who testified that the attendance records were kept in the regular course of school business and that it was the regular course of school business to keep such records.

■■ Therefore, the improper exclusion of Defendant's Exhibits Nos. 3 and 5 in the instant case was reversible error. Plaintiff testified that as a result of the accident he had missed about four weeks of work, losing $110 in wages for each of the four weeks. The excluded exhibits, on the other hand, indicated that plaintiff missed only 12 days of work. Thus the jury, if it had been presented with the excluded exhibits and based its verdict on the exhibits rather than plaintiff's testimony, might have awarded a lesser amount in damages for lost wages. Furthermore, since the excluded exhibits tended to contradict parts of plaintiff's testimony,

the jury might have been inclined to award less damages for pain and suffering.

The ruling of the circuit court as to the admissibility of Defendant's Exhibits Nos. 3 and 5 was incorrect. The judgment is reversed as to damages only and remanded for a new trial on that issue.

Reversed and remanded with directions.

ENGLISH and LORENZ, JJ., concur.