SIXTH DIVISION
June 29, 2007

1-05-2269

PATRICK APA,                            )    Appeal from
                                        )    the Circuit Court
          Plaintiff-Appellee,           )    of Cook County
                                        )
                                        )
     v.                                 )
                                        )
                                        )    No. 03 CH 18805
NATIONAL BANK OF COMMERCE,              )
                                        )
          Defendant-Appellant,          )
                                        )
The Secretary of State, Jesse White,    )
and JOHN OWENS,                         )    Honorable
                                        )    Bernetta D. Bush,
          Defendants.                   )    Judge Presiding


     JUSTICE McNULTY delivered the opinion of the court:

     Defendant John Owens used a loan from defendant National
Bank of Commerce to finance the purchase of a bus.  After selling
the bus to plaintiff Patrick Apa, a charter operator who did not
know of the bank's interest, Owens defaulted on the bank loan.
The bank found the bus and seized it, Apa sued the bank for
conversion, and Apa was awarded summary judgment on the issue of
liability.  The primary question presented by the instant appeal
is whether the trial court's admission of Apa's bank statements
was proper under the business exception to the hearsay rule for
the purpose of establishing the damage caused by the conversion.

We hold that it was not, and reverse the judgment for Apa.

BACKGROUND

Defendant John Owens and his company purchased a 1984 bus in February 2002, using money borrowed from defendant National Bank of Commerce (hereinafter "NBC"). The loan gave NBC a lien against the bus, but NBC did not record that lien. In April 2002, Owens and his company sold the bus to plaintiff Patrick Apa, who operated a charter business. Apa obtained a new title to the bus; however, Owens failed to disclose to Apa or to the Secretary of State that NBC had a valid and enforceable lien against the bus. Apa made his final payment to Owens in January of 2003, and immediately thereafter Owens defaulted on his loan to NBC. NBC seized the bus in April 2003. The next month, NBC applied for a new title to the bus, and the Secretary of State issued a new title to NBC on May 29, 2003.

On November 7, 2003, Apa filed a complaint against NBC for conversion of the bus, against Owens for failing to disclose NBC's lien, and against Secretary of State Jesse White, seeking to compel the Secretary to record him as the owner of the bus. NBC filed a third-party complaint against Owens for his failure to disclose NBC's interest in the bus on the certificate of title. Owens has been in default since July 2004 for his failure to answer or to appear in this proceeding and has not made an

2

1-05-2269

appearance in the instant appeal. Apa filed a motion for summary judgment against NBC on the issue of liability and the court granted Apa's motion;  as a result, NBC returned the bus to Apa in May 2004.  Apa's claims against the Secretary of State were thus resolved, and the Secretary is not a party to this appeal.

The case proceeded to trial on the issue of damages.  Apa sought damages for loss of income from his charter business from April 2003 to May 2004, the period during which Apa was without the bus, and for the decline in the value of the bus during that same period.  Apa introduced into evidence a series of documents to prove his damages, including his 2001 tax return, bills of sale, canceled checks, his 2001 and 2002 Illinois fuel tax returns, and calendar sheets from 2003.  Apa testified that in 2001, income from his charter business was deposited into an account in LaSalle Bank, and he sought to introduce into evidence the front pages of monthly statements from his LaSalle account. NBC objected to the admission of the bank statements, but the trial court overruled the objection, commenting that Apa "could submit these bank statements if he testifies that these are the bank records that are kept in the ordinary course of his business."  Apa testified that he added accounts at Charter One Bank and TCF Bank in 2002, and that he kept statements from those banks in the ordinary course of his business; the statements were

3

1-05-2269

also admitted into evidence over NBC's objection. Apa also introduced a summary exhibit that totaled his deposits from all three bank statements. Apa testified that the summary exhibit was a chart that represented the bank deposits for the years 2001, 2002, and 2003, and that the exhibit was broken down by month. NBC objected to Apa's motion to admit the summary exhibit into evidence. The court noted that the summary was "not verifiable" and refused to admit the summary exhibit as proof of Apa's gross income. However, the court did admit the summary for the limited purpose of showing "the total amounts of the monies that were deposited in the bank[s]."

During cross-examination of Apa, NBC introduced as an exhibit the complete LaSalle bank statements, revealing Apa's individual deposits. NBC used the statements to question Apa regarding his prior testimony about his LaSalle account, but did not use the LaSalle statements in its own case-in-chief. NBC did not use any of the Charter One or TCF bank statements at any point.

The trial court, explaining that the LaSalle bank statements were "the best evidence to determine what may have been the value of this business before this bus was taken," entered a judgment in favor of Apa for $30,346.52. NBC appeals.

ANALYSIS

4

1-05-2269

NBC contends that Apa did not produce evidence sufficient to allow the trial court to determine his damages.  We disagree.  Lost profits may be recovered when there are any criteria by which the probable profits may be estimated with reasonable certainty, and a plaintiff may satisfy the reasonable certainty requirement by presenting evidence of past profits in an established business.  Tri-G, Inc. v. Burke, Bosselman & Weaver, 222 Ill. 2d 218, 248 (2006).  Apa presented such evidence in the form of his bank records and his testimony that those records demonstrated the income from his charter business during the period prior to the loss of the bus.  Although NBC identifies areas in which Apa's evidence is incomplete or inconsistent, such evidentiary shortcomings do not provide a basis for reversal of the trial court's judgment: we may reverse the court's assessment of damages only upon a showing that it was manifestly erroneous.  Schatz v. Abbott Laboratories, Inc., 51 Ill. 2d 143, 148-49 (1972).  No such showing has been made in the instant case.

NBC next contends that the trial court erred in denying its motion to bar Apa from presenting evidence of his business income for 2002 and 2003 as a sanction for his failure to produce tax returns from those years in response to its discovery requests.  We disagree.  A trial court has the discretion to impose sanctions for a deliberate or unreasonable failure to comply with

5

discovery, but when that failure is not shown to be deliberate or unreasonable, the court's refusal to impose a sanction is neither an abuse of discretion nor a basis for reversal. Peterson v. Ress Enterprises, Inc., 292 Ill. App. 3d 566, 579-80 (1997). In the instant case, NBC requested Apa's 2002 and 2003 tax returns, and Apa's explanation of his failure to produce those returns was that as of the eve of trial in 2005 he had not yet prepared or filed them. This explanation, which remains unrebutted in the record presented to this court, did not constitute the deliberate or unreasonable discovery noncompliance which would have justified the imposition of sanctions at the time of trial. We therefore reject NBC's assertion that the trial court's refusal to sanction Apa by barring him from presenting evidence requires reversal of the judgment against it.

NBC further contends that the trial court improperly allowed Apa's bank statements into evidence under the business records exception to the hearsay rule. In objecting to the admission of the statements, counsel for NBC argued that someone from the banks was required to testify that the statements were kept in the regular course of the banks' business. The trial court responded that the statements were admissible if Apa testified that he kept them in the regular course of his business. Apa offered that testimony for the statements from Charter One Bank

6

and TCF Bank, and the statements from those banks and from LaSalle Bank were admitted over NBC's objections.

The bank statements were hearsay evidence, and their admission is governed by Supreme Court Rule 236, which provides in relevant part:

"Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind." 145 Ill. 2d R. 236(a).

Attempts to use the business records exception to introduce hearsay documents not created by their proponent have frequently

1-05-2269

been rejected by Illinois courts.  See <u>Pell v. Victor J. Andrew High School</u>, 123 Ill. App. 3d 423, 433 (1984); <u>Benford v. Chicago Transit Authority</u>, 9 Ill. App. 3d 875, 877-78 (1973).  "Illinois courts in similar circumstances have concluded that a document produced by one party that is retained in the records of a second party does not qualify as a business record of the second party." <u>International Harvester Credit Corp. v. Helland</u>, 151 Ill. App. 3d 848, 853 (1986) (citing <u>Pell</u>, 123 Ill. App. 3d at 433-34; <u>Benford</u>, 9 Ill. App. 3d at 877-78; <u>Smith v. Williams</u>, 34 Ill. App. 3d 677, 680 (1975)).  "A number of Illinois cases have held that documents produced by third parties were inadmissible as business records."  <u>Argueta v. Baltimore & Ohio Chicago Terminal R.R. Co.</u>, 224 Ill. App. 3d 11, 20 (1991) (citing <u>International Harvester</u>, <u>Pell</u> and <u>Benford</u>).

The language of the rule, however, does not indicate that its application is limited to cases in which the record in question was created by its proponent, and this court's more recent jurisprudence has recognized that admissibility under the business records exception is not determined by the identity of the proponent of the document.  In <u>Kimble v. Earle M. Jorgenson Co.</u>, 358 Ill. App. 3d 400 (2005), this court explained that Rule 236 "requires only that the party tendering the record satisfy the foundational requirements that (1) the record was made in the

8

regular course of business and (2) at or near the time of the event or occurrence." 358 Ill. App. 3d at 414, citing In re Estate of Weiland, 338 Ill. App. 3d 585, 600 (2003).  The Kimble court thus observed, "it makes no difference whether the records are those of a party or of a third person authorized by the business to generate the record on the business's behalf."  358 Ill. App. 3d at 414.

We believe that the Kimble court's focus on the foundational evidence surrounding the making of the purported business record properly reflects the language and purpose of Rule 236, and that International Harvester, Pell and Benford do not compel a contrary approach.  Although each held that documents not made by their proponent did not qualify for the business records exception, none found that the party offering the document had met the foundational requirements of Rule 236, and none held that the document's creation by a third party outweighed those requirements in determining admissibility under the rule.  In our view, International Harvester, Pell and Benford establish that in the absence of evidence regarding the circumstances of a document's creation, the business records exception is not justified merely by evidence regarding the practice of the document's retention. See Benford, 9 Ill. App. 3d at 877-78.

Although his bank statements could have been admitted under

9

the business records exception to the hearsay rule despite their preparation by an entity other than their proponent, Apa did not present any evidence of the circumstances of their creation. For two of the accounts, he testified only that he kept the records in the regular course of his business, and for the third, he did not offer even that level of foundation testimony. "'Without proper authentication and identification of the document, the proponent of the evidence has not provided a proper foundation and the document cannot be admitted into evidence.'" Kimble, 358 Ill. App. 3d at 416, quoting Anderson v. Human Rights Comm'n, 314 Ill. App. 3d 35, 42 (2000). The admission of the bank statements was thus improper.

Apa argues that NBC waived any objection to the admission of the statements by making use of them after they were admitted, and emphasizes that while he merely introduced the first page of each statement, NBC introduced the entire statements. NBC used the statements only in its cross-examination of Apa, however. After its objection to the admission of evidence has been overruled, a party does not waive that objection by using that evidence to cross-examine an opponent (Morrison v. Community Unit School District No. 1, Payson, 44 Ill. App. 3d 315, 318-19 (1976)) or by introducing additional evidence of the "same class" (Department of Transportation v. Quincy Coach House, Inc., 64

1-05-2269

Ill. 2d 350, 359 (1976)). NBC did not waive its hearsay objections.

CONCLUSION

The trial court found that Apa's bank statements were the best evidence of the damages he suffered from NBC's conversion of his bus. Those statements were improperly admitted into evidence, and because of their acknowledged significance, the admission cannot be considered harmless. For the foregoing reasons, the judgment of the circuit court of Cook County must be reversed, and the instant cause is remanded for a new trial.

Reversed and remanded.

FITZGERALD SMITH, P.J., and O'MALLEY, J., concur.

11