**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220520-U

Order filed April 23, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| KYLE WRIGHT, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0520 |
| | ) | Circuit No. 20-SC-2163 |
| | ) | |
| NAPERVILLE AUTOHAUS, INC., | ) | Honorable |
| | ) | Christine T. Cody, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*:  Trial court did not err in granting defendant's motion *in limine* and barring repair estimate that was not properly certified under Illinois Rule of Evidence 902(11).

¶ 2  Plaintiff, Kyle Wright, appeals from the circuit court's order entering a directed verdict in favor of defendant, Naperville Autohaus, Inc., in his small claims suit for breach of implied warranty of merchantability. Plaintiff argues the trial court erred in granting defendant's motion *in limine*, barring the admission of a repair estimate from a third-party dealership as hearsay within hearsay. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4         On November 22, 2019, Wright purchased a used 2012 Ford Mustang convertible from Naperville Autohaus. On May 11, 2020, Wright filed a small claims complaint asserting a single count of breach of implied warranty of merchantability. He alleged that defendant breached its duty to act in good faith by selling an unfit car with water damage and claimed repair costs of approximately $7,000.

¶ 5         Prior to trial, Naperville Autohaus filed a motion *in limine* to bar a repair estimate from Bryden Ford, a third-party dealership, dated March 30, 2020. The repair estimate stated:

> "CUSTOMER REQUEST [*sic*] ESTIMATE DUE TO WATER DAMAGE. CARPET HAS MOLD. CARPET REPLACEMENT ESTIMATE $2390.00. BODY WIRING HARNESS ESTIMATE $4640.00. MULTIPLE ELECTRICAL ACESSORIES [*sic*] MAY NEED ADJUSTMENTS AS WELL. ESTIMATE ONLY.
>
> VERIFY CUSTOMER CONCERN. CARPET HAS MOLD. BODY WIRING HARNESS NEEDS REPLACING."

The estimate was supported by a business records certification provided by Scott Bryden, the owner of the dealership, "under penalties of perjury." It stated that Bryden was the custodian of records for Bryden Ford and that the estimate was made and kept in the course of regularly conducted business activity. Bryden signed and dated the document, January 4, 2021.

¶ 6         In its motion, Naperville Autohaus noted that Wright intended to offer the repair estimate as a business record under Illinois Rule of Evidence 902(11) (eff. Sept. 28, 2018). It argued that the estimate should be barred because the statement "CUSTOMER REQUEST ESTIMATE

DUE TO WATER DAMAGE. CARPET HAS MOLD" constituted hearsay within hearsay in violation of Illinois Rule of Evidence 805 (eff. Jan. 1, 2011). Alternatively, Naperville Autohaus argued that the chain of custody prevented any competent testimony or evidence because the third-party dealership did not inspect the vehicle at the time of sale and therefore could not say what occurred in the intervening four months of ownership.

¶ 7 The trial court granted the motion, finding that the document contained hearsay within hearsay and that no exception to the hearsay rule applied. Wright's counsel asked the court to consider redacting his client's statement out of the repair estimate, and the trial court declined, concluding that the estimate failed as a whole as a business record because some of its contents were hearsay.

¶ 8 Following the court's ruling, Wright's attorney noted that "without that document, plaintiff's case is lacking a necessary element to make out a claim." After further discussion, counsel stated: "So there must be some way, I don't know which way, to get a final judgment in this case and avoid the necessary expense and time of jury trial, because my theory of the case was repair costs, and without the piece of paper from Bryden Ford, I don't have repair costs." The trial court refused to issue a summary judgment ruling, emphasizing that Wright had not moved for summary judgment and it was simply ruling on the motion *in limine*. Wright's attorney then declined opposing counsel's invitation to voluntarily dismiss the suit.

¶ 9 A jury was empaneled and the matter proceeded to trial, the transcript of which has not been provided on appeal. After Wright presented his case-in-chief, Naperville Autohaus moved for a directed verdict. Following a brief hearing, the trial court granted judgment in defendant's favor, finding that there was insufficient evidence that a defect was present at the time of the sale:

3

"[T]here simply is not evidence in the record that the defect that [Wright] discovered subsequent to the purchase was present at the time that the vehicle left the defendant's control. There's just simply no evidence of it."

¶ 10 Wright moved for a new trial, which the trial court denied. In denying the motion, the court reiterated that Wright failed to present sufficient evidence of a defect, or of when it occurred. The court concluded:

"[W]hat strikes me is that the plaintiff initially misstates the basis for the motion for the directed verdict. The motion for directed verdict was not based on damages alone. It was based on the fact that there had not been sufficient evidence of a defect or when the defect occurred, if it was present at the time that the plaintiff took possession of the vehicle.

* * *

Given the lack of evidence as to liability, the remainder of—well, the entire business record—then if the hearsay had been redacted as proposed by the plaintiff, the remainder of that business record, the estimate as to repairs, would have been excluded as to relevance before a jury anyway with no defect having been proven, no evidence as to liability having been even brought into the plaintiff's case[-]in[-]chief. The probative value of that evidence would have definitely been outweighed by the prejudicial nature of it."

¶ 11                                    II. ANALYSIS

¶ 12 On appeal, Wright renews his objection to defendant's motion *in limine*. He claims the court erred in barring the Bryden Ford repair estimate as hearsay within hearsay, arguing instead

4

that the document was a "run-of-the-mill" business record amissible as an exception to the hearsay rule under Rule 902(11).

¶ 13    Initially, Naperville Autohaus argues that the record on appeal is insufficient to review the circuit court's alleged error. We disagree. The record contains transcripts from the motion *in limine* hearing, the directed verdict hearing, and the hearing on the motion for a new trial, all of which provide insight into the court's decision to bar the repair estimate. Thus, the record is sufficient to review the circuit court's ruling on appeal.

¶ 14    "Generally, evidentiary motions, such as motions *in limine*, are directed to the trial court's sound discretion, and reviewing courts will not disturb a trial court's evidentiary rulings absent an abuse of discretion." *Enbridge Energy (Illinois), LLC v. Kuerth*, 2016 IL App (4th) 150519, ¶ 90. "An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41. However, where, as here, the appeal involves the proper interpretation of a rule of evidence, our review is *de novo*. *People v. Hauck*, 2022 IL App (2d) 191111, ¶ 35.

¶ 15    Hearsay evidence is normally inadmissible unless it falls within an exception to the hearsay rule. *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 183. Business records kept in the regular course of business activity are one such exception. See Ill. R. Evid. 803(6) (eff. Sept. 28, 2018). Under Rule 803(6), a business record is not excluded by the hearsay rule:

> "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), unless the

opposing party shows that the source of information or the method or circumstances of preparation indicate lack of trustworthiness." *Id.*

¶ 16 As referenced in Rule 803(6), certain evidence is self-authenticating and extrinsic evidence is not a prerequisite to its admissibility. See Ill. R. Evid. 902(11) (eff. Sept. 28, 2018). Rule 902(11) states that extrinsic evidence of authenticity is not required for business records under the following conditions:

"The original or a duplicate of a record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written certification of its custodian or other qualified person that the record

(A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of these matters;

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

The word 'certification' as used in this subsection means with respect to a domestic record, a written declaration under oath subject to the penalty of perjury ***." *Id.*

¶ 17 Here, we agree with Wright's claim that the trial court erred in barring the repair estimate as hearsay within hearsay. The repair estimate was kept in the regular course of business activity at Bryden Ford and falls within the exception to the hearsay rule provided in Rule 803(6). However, as Rule 803(6) provides, for the record to be admissible as an exception, it must be authenticated by the custodian's testimony or a self-authenticating certificate that complies with

Rule 902(11). In this case, we find the evidence (or business record?) was still properly excluded because the 902(11) certification was insufficient.

¶ 18 "The purpose of Rule 902(11) is to provide an alternative means of establishing a proper foundation for business records, without the need for a representative of the business to testify in court." *Hauck*, 2022 IL App (2d) 191111, ¶ 47. The rule allows a business record to be self-authenticated and admissible if accompanied by written certification of its custodian. The clear language of Rule 902(11) indicates that a certification has two elements. *Id.* ¶ 44 "It must be (1) 'a written declaration' made (2) 'under oath subject to the penalty of perjury.' " *Id.* (quoting Ill. R. Evid. 902(11) (eff. Sept. 28, 2018)). A statement that lacks a notary's signature or seal, without evidence that an oath has otherwise been administered, does not satisfy the requirements of Rule 902(11). See *id.* ¶¶ 45-49 (certification failed to fulfill requirements of 902(11) where it stated affiant was "duly sworn" but failed to contain notary seal or otherwise indicate that the statement was made before a person empowered to administer oaths); see also *Weydert Homes, Inc. v. Kammes*, 395 Ill. App. 3d 512, 519 (2009) (contractor's statement in mechanic's lien did not satisfy the requirements of the Mechanics Lien Act (770 ILCS 60/5 (West 2006)) because statements did not contained a notary's signature or seal and no other evidence of an oath was presented).

¶ 19 In this case, the certification failed to fulfill the requirements of Rule 902(11). The dealership's owner, Scott Bryden, purportedly signed a document certifying that he was the custodian of records at Bryden Ford and that the repair estimate was a true and accurate copy of records kept at the dealership as a regular practice in the course of regularly conducted activity. But the certification was not notarized, nor did it indicate to whom Bryden had sworn. It was simply signed by Bryden, as the custodian of records, and dated. Written certification, under the

Illinois Rules of Evidence, requires more. See *Hauck*, 2022 IL App (2d) 191111, ¶ 50 (emphasizing that "while the Federal Rules of Evidence allow for the admission of self-authenticating business records by means of a certification supported by an unsworn declaration under penalty of perjury, Illinois does not. [Citation.] Illinois Rule of Evidence 902(11) differs significantly from Federal Rule of Evidence 902(11) in that it requires 'a written declaration under oath subject to the penalty of perjury.' [Citation.]").

¶ 20    Further, basic rules of evidence "require a proponent of documentary evidence to lay a foundation for the introduction of that document into evidence, and evidence must be presented to demonstrate that the document is what its proponent claims it to be." *Koulogeorge v. Campbell*, 2012 IL App (1st) 112812, ¶ 34. Although Rule 902(11) allows a party to lay that foundation without custodial testimony, the burden still lies with Wright to provide sufficient evidence to establish that the document is what he claims it to be. See *Apa v. National Bank of Commerce*, 374 Ill. App. 3d 1082, 1088 (2007) (finding trial court abused its discretion in admitting bank statements where plaintiff failed to satisfy foundational requirements).

¶ 21    Bryden certified that the record was made at or near the time of the estimate by "a person with knowledge of these matters." However, as defense counsel argued at the motion *in limine* hearing, it is unclear from the face of the estimate who that person with knowledge is. The document does not identify the person who created the estimate by name or initials. In the normal course of automobile repair, the assumption would be that a service mechanic typed the information into the computer, but that person is not identified on the estimate or in the attached certification. In response, plaintiff's counsel argued that Naperville Autohaus could have subpoenaed the author of the estimate to challenge its trustworthiness. However, it is difficult, if not impossible, to seek such testimony when the author's name has not been provided.

8

¶ 22    In the alternative, Wright claims the trial court should have redacted the inadmissible statements in the estimate and admitted the document as proof of damages. He acknowledges, however, that there is no Illinois case law to support redacting statements from business records. See *Troyan v Reyes*, 367 Ill. App. 3d 729, 733-34 (2006) (finding medical records admissible without redactions based on inherent trustworthiness, noting that redactions would have deprived plaintiff of a fair trial). Lack of authority aside, in this case a redacted version of the estimate still fails to comply with Rule 902(11).

¶ 23    Further, we find any error in refusing to admit the repair estimate, in whole or in part, was harmless. Reversal on appeal is not required unless an erroneous evidentiary ruling was substantially prejudicial and affected the outcome of the trial. *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 192. The burden of establishing prejudice lies with the party seeking reversal. *Shachter v. City of Chicago*, 2011 IL App (1st) 103582, ¶ 80. "[A]ny improper evidentiary rulings may be considered harmless error." *Id.*; see also *Ready v. United/Goedecke Services, Inc.*, 238 Ill. 2d 582, 592 (2010) (trial court's error in excluding sole proximate cause evidence was harmless where, even if jury had been properly instructed, it would not have reached a different verdict); *Holland*, 2013 IL App (5th) 110560, ¶ 192 (concluding that any error in admission of out-of-court hearsay statement did not substantially prejudice defendant and was therefore harmless).

¶ 24    Wright has failed to show that prejudice resulted from the exclusion of the repair estimate or that its exclusion affected the directed verdict ruling in favor of Naperville Autohaus. A directed verdict should be entered "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.*,

37 Ill. 2d 494, 510 (1967). Given the lack of liability evidence presented at trial, the exclusion of evidence of estimated repair costs did not affect the court's ultimate ruling. Even if the trial court considered the repair estimate as evidence in Wright's favor, the invoice indicates that the estimate was requested four months after Wright purchased the vehicle. As counsel noted at the hearing, the repair estimate does not provide evidence of liability, only damages. Thus, the trial court properly directed a verdict in Naperville Autohaus's favor because Wright failed to show that the convertible had water damage when he purchased it, a defect the Bryson Ford repair estimate would not have cured. Thus, any error was harmless.

¶ 25                                III. CONCLUSION

¶ 26        The judgment of the circuit court of Du Page County is affirmed.

¶ 27        Affirmed.